J-S34010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LESLEY A. SCOTT | |
| Appellant | No. 1621 MDA 2015 |

Appeal from the Judgment of Sentence August 19, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001428-2014

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 22, 2016**

Appellant, Lesley A. Scott, appeals from the judgment of sentence entered August 19, 2015, in the Court of Common Pleas of Franklin County, following her conviction of Driving Under the Influence ("DUI"), General Impairment, under 75 Pa.C.S.A. § 3802(a)(1). No relief is due.

On July 4, 2014, Pennsylvania State Troopers Jeremy Holderbaum and Antoine Cox were on routine patrol in Franklin County when they observed a vehicle turn off exit 24 on Interstate 81. **See** N.T., Suppression Hearing and Bench Trial, 6/3/15 at 22. After turning off the exit, the vehicle failed to discontinue its left turn signal for approximately three-quarters of a mile and proceeded to pull into a Pacific Pride gas station that only services commercial fleets. **See id**. at 22-23. When the Troopers pulled into the gas station to see whether the driver needed assistance, they observed the

Appellant exit the driver's side door of the vehicle. *See id*. at 24. As Trooper Cox approached the Appellant, he observed that her eyes were bloodshot and glassy and he detected a strong odor of alcohol emanating from her breath and person. *See id*. at 25.

When he asked Appellant whether she had recently consumed any alcohol, she replied that she had two shots of whisky approximately one hour prior. *See id*. Trooper Cox next instructed Appellant to perform field sobriety tests, and concluded on the basis of Appellant's performance that she was under the influence of alcohol. *See id*. at 26-29. Trooper Cox thereafter administered a breathalyzer test, the results of which indicated that Appellant's blood alcohol content was above the legal limit. *See id*. at 30-31. Based on his observations of Appellant, Appellant's admission to having recently consumed alcohol, Appellant's failure to adequately perform field sobriety tests, and the breathalyzer result, Trooper Cox concluded that Appellant was not capable of safely driving her vehicle. *See id*. at 31.

Before Trooper Cox had placed Appellant under arrest, Trooper Holderbaum informed him that there was an outstanding warrant for Appellant's arrest on a separate matter. *See id*. at 17-18; 31. After Appellant was arrested and placed in the rear of the police car, she became visibly irate and insisted that the Troopers shoot her. *See id*. at 13. Appellant was subsequently transported to Chambersburg Hospital, where she refused to submit to blood alcohol testing. *See id*. at 33.

Appellant was charged with DUI and related charges. Appellant moved to suppress evidence of her intoxication. Following a combined suppression hearing and bench trial, the trial court denied Appellant's motion and convicted Appellant of DUI, general impairment. The trial court sentenced Appellant to six months' incarceration. This timely appeal followed.

Appellant raises the following issues for our review:

I.  Whether the trial court erred in denying [Appellant's] motion to suppress evidence by holding that she was subjected to a lawful arrest for DUI when (a) the trooper's dash-cam video clearly showed that she successfully completed the field sobriety tests and there was no reason to suspect that she was under the influence and (b) there was no evidence of any erratic or unsafe driving?

II. Whether the trial court erred in concluding that the Commonwealth had presented sufficient evidence at trial to prove beyond a reasonable doubt that [Appellant] had consumed alcohol to the point that she was incapable of safely driving when (a) she clearly passed the field sobriety tests as shown by the trooper's dash-cam video and (b) there was no evidence of any erratic or unsafe driving?

Appellant's Brief at 6.

We review the denial of a motion to suppress physical evidence as follows:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a

whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

*Commonwealth v. Houck*, 102 A.3d 443, 445 (Pa. Super. 2014) (internal citations and quotations omitted).

Appellant primarily argues that Trooper Cox did not have probable cause to arrest her under suspicion of DUI – general impairment.[1] "Probable cause exists where the officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that the driver has been driving under the influence of alcohol or a controlled substance." *Commonwealth v. Hilliar*, 943 A.2d 984, 994 (Pa. Super. 2008). Here, Trooper Cox observed that Appellant had glassy, bloodshot eyes and he detected a strong odor of alcohol emanating from Appellant's person. Appellant admitted that she consumed alcohol prior to driving and failed field sobriety tests. A breathalyzer test administered prior to Appellant's arrest revealed a blood alcohol content of .10, which was well above the legal limit. *See* N.T., Suppression Hearing and Bench Trial, 6/3/15 at 31. We do not hesitate to conclude that these circumstances warranted the Trooper's belief

---

[1] Notably, Appellant does not contest the legality of the Trooper's initial traffic stop. We also note that although Appellant contested the admission of her refusal to submit to chemical testing in her Rule 1925(b) statement, she has not pursued this argument on appeal.

that Appellant had been driving under the influence of alcohol. ***See Hilliar***, ***supra*** (finding officers had probable cause to arrest Appellant under suspicion of DUI where officers detected a strong odor of alcohol, Appellant slurred his speech, and became verbally combative). ***See also Commonwealth v. Hughes***, 908 A.2d 924, 928 (Pa. Super. 2006) (probable cause to arrest for DUI existed where Appellant smelled of alcohol, had bloodshot eyes, and failed field sobriety tests).

Appellant argues that Trooper Cox's testimony that she failed the field sobriety tests is contradicted by the video recording from the Trooper's dash-cam video. She maintains that the video shows that she stood perfectly still without swaying and that her speech was clear and not slurred. ***See*** Appellant's Brief at 21. Our review of the record reveals no inconsistencies in Trooper Cox's testimony. Although Trooper Cox conceded that Appellant performed fairly well on the one leg stand test, he testified that, based upon his training and experience, Appellant exhibited signs of intoxication during the horizontal gaze nystagmus test and the walk and turn test. ***See*** N.T., Suppression Hearing and Bench Trial, 6/3/15 at 26-29. The trial court credited Trooper Cox's testimony. ***See*** Trial Court Opinion, 11/5/15 at 10. "It is well established that our Court will not reverse a trial court's credibility determination absent the court's abuse of discretion as fact finder." ***Hughes***, ***supra***, at 928. Appellant's argument in this regard is therefore unavailing.

Accordingly, as there existed probable cause to arrest Appellant under suspicion of driving under the influence of alcohol, we find the trial court's denial of Appellant's suppression motion was without error.

Appellant next challenges the sufficiency of the evidence in support of her conviction of DUI – general impairment. We review a challenge to the sufficiency of the evidence as follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

- 6 -

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Appellant was convicted of DUI – general impairment, pursuant to subsection 3802(a)(1) of the Vehicle Code, which provides as follows:

(a) General impairment.—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

"[S]ubsection 3802(a)(1) is an 'at the time of driving' offense, requiring that the Commonwealth prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

Appellant concedes that she was driving, operating or in actual physical control of the movement of a vehicle. She contends, however, that the evidence was insufficient to establish that she was incapable of safely driving due to the consumption of alcohol. *See* Appellant's Brief at 23-26. In *Segida*, the Pennsylvania Supreme Court described the types of evidence that the Commonwealth may offer to prove this element:

Section 3802(a)(1), like its predecessor [statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.... The

types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two[-]hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

*Segida*, 985 A.2d at 879.

In support of her argument, Appellant reiterates her claim that the dash-cam video belied Trooper Cox's testimony that she failed the field sobriety tests. She additionally maintains that there is no evidence that she was driving erratically or that her speech was impaired. Despite Appellant's attempt to portray the evidence in a light favorable to her defense, we note that our relevant inquiry in conducting a sufficiency analysis requires that we view the evidence *in the light most favorable to the verdict winner*—in this case, the Commonwealth.

When viewed in this light, we find that the evidence presented at trial was sufficient to enable the factfinder to conclude that Appellant was incapable of safely driving her vehicle due to the consumption of alcohol. As

noted, Trooper Cox observed that Appellant had glassy, bloodshot eyes and he detected a strong odor of alcohol emanating from Appellant's person. Appellant admitted that she consumed alcohol prior to driving and failed field sobriety tests. A breathalyzer test administered prior to Appellant's arrest revealed a blood alcohol content of .10. Trooper Cox's observations of Appellant led him to believe that she was intoxicated.

"Evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving." **Commonwealth v. Smith**, 831 A.2d 636, 638 (Pa. Super. 2003) (citation omitted). **See also Commonwealth v. Salter**, 121 A.3d 987, 995 (Pa. Super. 2015) ("Erratic driving is not a super-factor, much less one determinative of DUI."). Despite the lack of other positive indicators of intoxication such as slurred speech or erratic driving, we find that Appellant's failure of the field sobriety tests, combined with Appellant's bloodshot eyes and the odor of alcohol on her person, was sufficient to establish she was incapable of safe driving due to the consumption of alcohol. Thus, the evidence was more than sufficient to support Appellant's conviction of subsection 3802(a)(1).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016